## Case No. 1,072.

### BARTLE v. COLEMAN.

[3 Cranch, C. C. 283.][1]

Circuit Court, District of Columbia. April Term, 1828.[2]

EQUITY—PARTNERSHIP ACCOUNTS—PARTIES—GOVERNMENT CONTRACT—CORRUPTION.

1. In a suit in equity, for the settlement of the accounts of a partnership consisting of three persons, one of whom is dead, insolvent, his next of kin, or other personal representatives, are necessary parties.

2. A court of equity will not sustain a suit to compel the settlement of the concerns of partners in a government contract, in the profits of which the agent of the government, who made the contract, was to participate.

[See note at end of case.]

[In equity. Bill by Andrew Bartle against George Coleman upon a partnership account. Bill dismissed. This was afterwards affirmed by the supreme court in Bartle v. Nutt, 4 Pet. (29 U. S.) 184.]

The bill charges that, in 1814, a contract was entered into between the complainant and the government of the United States, for rebuilding Fort Washington; that this contract was made, on the part of the United States, by Ferdinand Marsteller, a deputy quartermaster-general; that, when the contract was made, it was agreed between the complainant, the defendant Coleman, and the said F. Marsteller, that each should receive one-third of the profits of the contract; that, when the work was finished and measured, it was supposed that the profits amounted to $4,500, and the sum of $1,500 advanced to Coleman, the defendant, for his share; that afterwards frauds to a great amount, were discovered on the part of F. M., by means of the information of the complainant to the department of war, and that great deductions were made from the price of the labor and materials, so that, instead of a profit, the loss upon the concern was $10,538; one half of which the complainant claims against the defendant Coleman, as Marsteller had died totally insolvent, leaving no personal property nor personal representative. The bill seeks an account and general relief. The answer of the defendant denied the partnership, but admitted that he was agent for disbursing the money, and entitled to a commission for the same.

Mr. Taylor, for the defendant, contended that the personal representatives, or next of kin, of F. Marsteller, should have been made parties, as the bill admits him to have been a partner in the profits of the contract. Madd. Ch. Pr. 148, 154, 155; 1 Harr. Ch. Pr. c. 3, p. 76. That the court ought not to lend

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 4 Pet. (29 U. S.) 184.]

its aid to enforce a contract founded in a fraud upon the United States. The fraud is admitted in the bill itself.

Mr. Jones, contra, contended that, as F. Marsteller died insolvent and left no personal representative, it was not necessary that his next of kin should be parties. The solvent partners are liable inter se, for the loss by the insolvent partner.

CRANCH, Chief Judge, after stating at large the evidence of the partnership of the defendant in the transaction, said:—

We think, therefore, that the fact of partnership between the plaintiff and defendant and F. Marsteller is established.

The next question is, whether the court can make a final decree, unless the personal representatives be made parties in the cause? We think we cannot. Mr. Marsteller was equally interested with the plaintiff and defendant in the profit or loss upon the government contract. The interests of his personal representatives are equally affected by the settlement of the account. But even if they were parties, we are of opinion that the copartnership was a fraud upon the United States, and that a court of equity ought not to lend its aid to either of the partners against the other. It is proved that Mr. Marsteller himself was the agent of the government in making the contract; and it is expressly averred in the plaintiff's bill, "that, when this contract was made, it was understood and agreed between George Coleman, the defendant, and Ferdinand Marsteller, now deceased, that they should share with your orator the profits of the contract; that is to say, that each should receive one third of the profits." If this be not fraud per se, it is such strong evidence of it that the court, in the absence of all exculpatory proof, must consider the transaction as fraudulent. No such exculpatory proof is produced; but the plaintiff himself avers that great frauds were committed upon the government by Mr. Marsteller. Under these circumstances, this court, as a court of equity, will not lend its aid to enforce this iniquitous agreement, but will leave the parties to their legal remedies. The bill must be dismissed, but without costs.

MORSELL, Circuit Judge, concurred.
THRUSTON, Circuit Judge, absent.

[NOTE. This decree was afterwards affirmed by the supreme court on the ground that "public morals, public justice, and the well-established principles of all judicial tribunals" forbid the interposition of courts of justice to lend their aid to enforce a contract which began with the corruption of a public officer. The opinion was delivered by Mr. Justice Baldwin. Bartle v. Nutt, 4 Pet. (29 U. S.) 184.]